UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **SHENNA R. BROWN,** | ] |
| Plaintiff, | ] |
| vs. | ]   CV 09-J-1010-E |
| **MICHAEL J. ASTRUE,** **Commissioner of the Social Security Administration**, | ] |
| Defendant. | ] |

**MEMORANDUM OPINION**

This matter is before the court on the record and the briefs of the parties. The court has jurisdiction pursuant to 42 U.S.C. § 405. The plaintiff is seeking reversal and remand of the final decision of the Commissioner. All administrative remedies have been exhausted.

The plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income, asserting she was unable to work due to back problems (R. 118), and pain, numbness and swelling in her right foot, right shoulder and neck (R. 157). At her hearing, she further alleged that she suffers from panic attacks either three to four times a week (R. 54), or three to five times a month (R. 55-56). She also testified that she suffers from depression and anxiety, and was possibly diagnosed as bipolar (R. 56). She alleged she could perform no household chores and could not cook (R. 59).

Her applications for benefits were denied initially (R. 69-70) and again by an Administrative Law Judge on August 27, 2008 (R. 16-27). The ALJ's determination

became the final decision when the Appeals Council denied the plaintiff's request for review (R. 1-3).

The sole function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether the correct legal standards were applied. *Bloodsworth v. Heckler*, 703 F.2d 1233 (11th Cir. 1983). The court has carefully reviewed the entire record in this case and is of the opinion that the Commissioner's decision is supported by substantial evidence and that the proper legal standards were applied in reaching that decision.

The plaintiff argues that the ALJ's decision is not supported by substantial evidence because all of the plaintiff's limitations were not included in the hypothetical posed to the Vocational Expert who testified at the hearing and because evidence submitted to the Appeals Council for the first time is new, material and relevant, supporting remand of this case for proper consideration.

As to the hypothetical posed to the Vocational Expert, the court finds that it is well supported by the medical evidence actually contained in the record. For a Vocational Expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments. *See Jones v. Apfel*, 190 F.3d 1224, 1229 (11th Cir.1999), cert. denied, 529 U.S. 1089, 120 S.Ct. 1723, 146 L.Ed.2d 644 (2000). In the facts before this court, given that the totality of plaintiff's documented mental impairments are contained in three pages of records (R. 175-177), the court is of the opinion that the ALJ did not err in not including the GAF score contained in these sparse records. The ALJ specifically considered the plaintiff's claimed mental limitations but found no evidence to support the level of severity claimed by the plaintiff (R. 24).

The court has also considered the evidence presented to the Appeals Council for the first time (R. 205-207, 212-223).  The court finds that the Physical Capacities Evaluation, completed in October 2008, apparently by a CRNP on Dr. Luigi Frugone's behalf (R. 212), is unsupported by any other evidence in the record.  No basis for such extreme limitations appears in the medical records contained in the file.  Similarly, the September 2008 Residual Functional Capacities Questionnaire, completed by a social worker (R. 205-207), is contradicted and wholly unsupported by other evidence in the record.  Additionally, even assuming that these two forms could be considered credible evidence, they do not provide any basis for finding that the plaintiff was that incapacitated at the time the ALJ rendered his decision in August 2008, as they both post-date that decision.

The record demonstrates that while the plaintiff has limitations, her self-described limitations are unsupported by any credible medical evidence in the record.  The plaintiff has failed to establish that she has any limitation or combination of impairments which prevent her from performing all substantial gainful employment.  *See Powell o/b/o Powell v. Heckler*, 773 F.2d 1572, 1576 (11th Cir.1985) (stating that the plaintiff retains the ultimate burden of proof of disability).

Based upon the court's evaluation of the evidence submitted to and adduced at the hearing before the Administrative Law Judge and considered by him and the Appeals Council, as well as the evidence first submitted to the Appeals Council, the court is satisfied that the decision of the Administrative Law Judge is based upon substantial evidence and that the Administrative Law Judge applied the correct legal standard to each

issue presented.  Accordingly, the decision of the Commissioner of the Social Security Administration will be affirmed by separate order.

Done, this 17th day of  November, 2009.

_____
INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE